HELMER and wife *vs.* SHOEMAKER.

Where a testator devises *all his real and personal estate* to a devisee, giving
him the power of *unqualified disposition* of the property devised, the de-
visee takes *a fee simple absolute* in the real estate, although there be no
words of limitation applicable to such devise, and notwithstanding that
by a subsequent clause in the will a limitation over is created in favor of
another person, as to so much of the property given to the first devisee
*as may remain at the decease* of the first taker.

THIS was an action of ejectment, tried at the Onondaga
circuit, in September, 1837, before the Hon. DANIEL MOSE-
LEY, one of the circuit judges.

Both parties claimed under the will of Rudolph R. Shoe-
maker, which was made on the 7th June, 1827. By it, the
testator gave *all his estate, real and personal,* of which he
was then or should be in possession at the time of his de-
cease, to his *wife* Margaret, without any words of limitation.
The will also contained a clause in these words: " I also
will and bequeath to my daughter Charity Helmer, the wife
of Michael Helmer, *all the avails of the property that may
remain* at the decease of my wife Margaret, until Rudolph
Helmer the son and heir of her, the said Charity, shall be-
come 21 years of age, then *the said property more or less
remaining,* shall be the property of him the. said Rudolph,
with him the said Rudolph supporting his mother Charity,
if it may be wanting, so long as the property 'remains."
The testator died in 1827 seized of about 16 acres of land,
leaving his wife, his daughter Charity and his grandson
Rudolph him surviving ; the latter being at the time of the
death of the testator about *seven* years of age. In 1831,
Margaret, the *widow* of the testator, conveyed 13 acres,
part of the 16 acres, to two of her sons, under whom the
defendant claims. In 1837 she died, when this suit was
commenced by Charity Helmer in her own name and that
of her husband, for the recovery of the 13 acres, the remain-
der of the 16 acres having been conveyed to her by her
mother at the. time of the conveyance to the sons. The *in-*

*come* of the property was sufficient for the support of the widow during her life. The judge charged the jury, that *Margaret*, the widow, under the will of the testator, took only a *life estate*, and that upon her decease, the property vested in *Charity*, the daughter of the testator. The jury accordingly found a verdict for the plaintiffs. The defendant excepted to the charge of the judge, and now moved for a new trial.

*J. Watson*, for the defendant.

*J. A. Spencer*, for the plaintiffs.

*By the Court*, COWEN, J. The will was inartificially drawn in every respect. It is well settled that the devise of all the testator's *real and personal estate* to Margaret, was sufficient to carry a fee in the land, if there had been nothing else in the will shewing that such was not the intention. Technically, in order to carry a fee, the usual words of limitation "her heirs," &c., would have been necessary. But in case of wills, where the intent to devise a fee is made apparent, either by equivalent words or other parts of the will indicating that such was the probable intent, this has been received as a substitute. That was a departure from the common law, out of favor to wills; in other words, out of favor to the intent; and it was only to reach the intent that the departure was allowed. There is nothing in the words, "I devise all my real *estate*" necessarily incompatible with an intent to devise for life only. The testator might have said, "I devise all my real estate for life," and then the word estate would be taken as merely descriptive of the subject matter; and not as indicating a limitation in fee; and if by subsequent words such intent appear to be plain, there is no authority against its taking effect. There is no rule of law against the words of a will being in any way explained or limited by a subsequent part of the same instrument, or even by a codicil, though I agree that the qualification should be explicit. If the words had been, "after my said wife's death, the said

Helmer v. Shoemaker.

real estate shall remain to Charity, till, &c., and then to Rudolph," &c., there would have been no doubt that the testator intended but a life estate to Margaret, any more than if he had said so immediately by express limitation ; and such intent must have been allowed.

Here, however, the devise in remainder, is of all the *avails* of the property *that might remain* at the death of the testator's wife, to Charity, &c., till Rudolph's full age ; and *more or less of it then remaining*, to go over to him ; as if it was to be sold or consumed from time to time, both by Margaret and Charity, as it came successively into their hands. The devise then stands thus : " I devise all my *real estate* to Margaret, and the *avails* of it that remain at her death, I devise over to Charity," &c. The difficulty is to see how such an equivocal expression may be said to be a clear qualification of the previous words. Does it not rather imply an intention that Margaret should have an estate absolutely disposable, according to the devising words when taken in the abstract ? If so, it cannot be called a counteraction of the legal import of those words ; but rather a confirmation of it. It looks like the testator supposing he might give a fee, a right of absolute disposition to a devisee, providing in the same will, that if the whole or part of the *avails* arising from sale, or other disposition, should happen not to be consumed by his necessities, it should go over. That would not carry the land. At the utmost, it would carry only so much of the estate as the devisee had not disposed of during his life. The law then rather construes the original devise to mean a fee simple absolute, in respect that the devisee takes the power of unqualified disposition for his own benefit. In such case, his creditors may take the whole interest in the land to satisfy his claim, as his own mortgage or sell, as if the devise had been expressly in fee, and the devise over, being repugnant to the said devise, is void. Such is the best I can make out of this case, after a close duties considerable and long reflection. The principle of the following cases, although not cited in the course of the argument, is believed to bring to confirm the conclusion, or dem. Jackson's &c. v. Emery, Anthony, &c.

36 : 13 *id.* 537, *S. C. on error; Jackson, ex dem. Living-ston,* v. *Robins,* 15 *Johns. R.* 169; 16 *id.* 537, *S. C. on error; Ide* v. *Ide,* 5 *Mass. R.* 500; *The Attorney General* v. *Hall, Fitzg.* 314.

The consequence is, that the sale by Margaret was valid, for the whole fee ; and there must be a new trial, the costs to abide the event.