By the Court,

Bbonson, J.
In most of its features this appears to me to be a very plain case. The testator has devised all his property, real and personal, to his brother, Smith Germond, in trust to pay debts and legacies. This was a good express trust, or rather, power in trust, under our new code in relation to uses, trusts and powers. (1 R. S. 728, § 55, 56, 94.) At the common law, the estate would have passed to the trustee ; but even then his widow would riot have been entitled to dower. A woman is not dowable of a trust estate. But under our statute, Smith Germond took no estate whatever in the land. He had authority to sell, but was not empowered to receive the rents and profits; and in such a case the trust is nothing more than a power, and the land descends to the heir subject to the execution of the power. (Id. 729, § 56.) This disposes of the whole case. The estate descended to the heirs of the testa *574 tor and rested' there until the title of the heirs was divested by the execution of the power, and then the estate, as to the farm in question, passed to the defendant. Smith Germond was never seized, and it follows as a necessary consequence that his widow cannot be entitled to dower.
We might stop here. But the course of the argument renders it necessary to consider the case more at large. It is said, that Smith Germond took a fee under the 47th section of the statute of uses and trusts. (1 R. S. 727.) But the answer is, that he was neither “ entitled to the actual possession,” nor to “ the receipt of the rents and profits” of the land; and both must concur before the beneficial interest of the party is turned into a legal estate.
At the common law, when an absolute power of disposition is added to the gift of a particular estate, such estate will be magnified into a fee. The cases on this subject are collected in Helmer v. Shoemaker, (22 Wend. 137.) And so it is under our statute. (1 R. S. 732, § 81.) But here there was no particular estate, for life or years, in Smith Germond, to be enlarged into a fee. He had nothing but a power. Still, the absolute power of disposition, although no estate is limited to the grantee of the power, will sometimes carry a fee. But that is only where the power is “ not accompanied by any trust.” (Id. § 81—3.) Here there was a trust to pay debts and legacies. And besides, the power of disposition is only deemed absolute when the grantee of the power is enabled “ to dispose of the entire fee for his own benefit.” (Id. 733, § 85.) Here creditors and legatees were to be paid out of the avails of the land.
It is said, that Smith Germond is both trustee and cestui que trust. But he has no trust or other estate in the land. He has nothing but a trust power to sell and apply the. proceeds of the land; and although he is entitled to a part of the proceeds, other persons are also entitled to a portion, and may compel the execution of the power. (Id. 734, § 94, 96.) If this was a beneficial power, in the execution of which no person was interested but the grantee, (Id. 732, § 79,) it would then carry a fee in the land. (Id *575 733, § 83, 85.) But I see no principle upon which any other power can be held to carry a fee.
The argument for the plaintiff turns mainly upon considerations which can have no legal influence upon the question. It is said that the testator left a large estate, and there was an offer to show that the property, real and personal, was worth nearly sixty thousand dollars. This proves nothing without going further and telling us what amount of debts was to be paid out of the proceeds of the property. But let it be assumed that the debts only amounted to a small sum, and that, after paying them and satisfying the other legacies, Smith Germond would be entitled to a large amount—say thirty, forty or fifty thousand dollars—as residuary legatee. The nature and quality of his estate or interest under the will does not depend upon the magnitude of his legacy, but upon the form and manner in which the estate or interest was created. It is wholly unimportant whether he is "to have five-sixths, or only one-sixth of the property. The question is, how does he take? Is he to have land, or money? If the fee of the land did not vest in him, his widow is not entitled to dower. Now, nothing can be more clear .than that the testator did not intend his brother should have the land. Smith Germond was to sell the property. If he died without selling, his personal representatives were to dispose of it; and from beginning to end the direction in the will is, to sell the property and convert it into money. The thing to be divided among the creditors and legatees, including Smith Germond, was not land, but money—the avails of the land. It is a familiar principle, that the intention of the testator, when not inconsistent with the rules of law, must be carried into effect; and the right of the owner to direct a sale of his land, and a distribution of the proceeds, is not forbidden by any law. As owner, he may give tire thing itself, or he may direct that it be converted into money and go to the beneficiary in that form.
It was intimated on the argument, that the will was contrived with reference to the possibility that the plaintiff *576 might survive her husband; and it seemed to be supposed that there was something wrong in giving a large estate to Smith Germond in such a manner as to preclude his widow from recovering dower. But there is surely nothing in this. The donor, so long as he violates no rule of law, may bestow his property on whom and in what form he pleases. If the testator had given nothing to Smith Germond, the plaintiff would have had no cause for complaint; and she is not injured by the testator’s bounty, although it came in the form of money.
As to any land which might remain unsold, Smith Germond had a power of appointment by last will; and in default of such appointment, there was a limitation over to the heirs of the testator. Whether these provisions are valid or not, is a question which does not arise in this case. It is enough for the present occasion to say, that as to the property now in question, Smith Germond executed the power of sale in his lifetime.
The view which has been taken of the principal question shows, that the evidence which was offered concerning the value of the testator’s property was not material, and there was, consequently, no error in rejecting it.
New trial denied.