The first objection urged against the bequest claimed by the plaintiff is, that it is limited to take effect upon an indefinite failure of the issue of Chloe Hyde, and is consequently void for remoteness. The language used, independently of the words fixing the time of payment, is such as has often been determined to have that effect. Many of the cases are referred to in the very elaborate opinion of the late Supreme Court, delivered by Chief Justice SAVAGE, in Paterson v.Ellis (11 Wend., 259). The will under consideration in that case directed that, if the testator's daughter and legatee died before arriving at the age of twenty-one years, without leaving lawful issue, then the amount of the legacy should be distributed in the manner mentioned in his will as to the general residue of his estate. It was held, in accordance with many of the cases, but, in all probability, against the intention of the testator, that the bequest was absolute, the limitation over being considered as referring to an indefinite failure of issue, and therefore void upon the principle which I have mentioned. But the will we are now examining provides that, if the testator's daughter should die without issue, then he gave to the plaintiff $10,000, to be paid in four equal annual payments, after the death of his said daughter; and the question is, whether this does not so qualify the former language as to show that it was the failure of issue living at the death of his daughter which was intended? I am of opinion that it does so qualify it. It is settled that, where the nature of the ulterior bequest is such as to require the determination of the question, as to its taking effect, to be made after the death of the first legatee *Page 92 
or devisee, it is then to be understood of a failure of issue at that time. Several cases have been adjudged upon that precise distinction. In Nicholls v. Hooper (1 P. Williams 198) there was a devise of lands to a person for life, remainder to her son, Thomas Jackson, and his heirs, provided that if the said Thomas Jackson should die without issue of his body, then the testator gave £ 100 a piece to his two nieces, A. and B., to be paid, within six months after the death of the survivors of the said mother and son, by the person who should inherit the premises, and in default of payment as aforesaid, then he devised the lands to the legatees in payment. It was held that the language which would generally have created an estate tail, on account of the personal provision for A. and B., should be taken to refer to a failure of issue at the death of Thomas Jackson. There are two other cases to the same general purpose, Doe v.Webber (1 Barn. Ald., 713) and Doe v. Frost (3 id.,
546). In each of these cases the testator directed that, upon the death of the first devisee, without issue, sums of money should be paid, according to the directions of his last will; and this was held to indicate that the failure of issue provided for, referred to the time of the death of that devisee. The provision for payment, by the present will, looks, with at least equal distinctness, to the death of the testator's daughter as the time for determining whether her issue had failed, within the meaning of the will; for, as the first payment on account of the legacy was to be made in one year from that event, it would be absurd to suppose that the testator contemplated an indefinite failure of issue, which might happen one hundred years afterward, when it would be impossible to pay the legacy according to its terms The rules for determining this class of questions are very artificial, and the whole doctrine has been wisely abolished, as to future wills, by the Revised Statutes. In regard, however, to wills to which it still applies, a solution of difficulties can only be safely sought by an examination of adjudged cases. By adopting that test *Page 93 
it appears that this limitation in favor of the plaintiff was to take effect upon the death of Chloe Hyde, if she left no issue living at the happening of that event; and, consequently, that the bequest over was a valid executory limitation.
But it is argued that the bequest to the plaintiff is repugnant to the devise and bequest to Chloe Hyde, and is void for that reason. There is, of course, nothing inconsistent in the idea that the whole residue is, in the first instance, given to Chloe, and that afterwards, upon the happening of a certain event, a part of it is given over to the plaintiff. This is an executory limitation of a very usual kind, and involves no repugnancy whatever. (Norris v. Beyea, 3 Kern., 273.) But it is provided in this will that the testamentary guardian of Chloe shall apply all or such part of the testator's estate as he shall deem necessary, for her education, maintenance and support, until she shall attain the age of twenty-one years, and it is this provision which, as it is argued, brings the case within the principle of those in which a subsequent gift over has been held repugnant to a prior gift of an absolute estate. The cases sustaining this principle proceed upon the construction of the will, and not upon any positive rule of law. If it appeared that the testator intended to confer upon the first devisee an absolute power of disposition, and in his will he afterwards make a gift over, the two dispositions cannot stand together. The absolute power of disposition shows that he intended to give an unqualified title to the first devisee, and it is in the nature of such a title that the property, if not alienated by the owner, shall descend to the heirs, if it be real estate, or go to the next of kin, if it be personal. The gift over is repugnant to this quality of absolute ownership, and it is consequently void. (Norris v. Beyea, supra, and cases there cited; Jackson v.Delancey, 13 John., 537; Helmer v. Shoemaker, 22 Wend.,
137; Hill v. Hill, 4 Barb., 419.) There is nothing in this will, beyond the usual words of limitation appropriate to carry an estate in fee, to denote an intention *Page 94 
in the testator that his daughter should have an absolute power of disposition. The purposes to which it might be applied were limited, not general. These purposes were, maintenance, education and support. As to these objects, the guardian had full discretion, but it was, nevertheless, a discretion limited to the purposes mentioned. The estate could not be disposed of at the pleasure of Chloe or her guardian. It was also limited to her minority. True, if the objects required the expenditure of the whole estate, it was all to be used, as she was to be maintained and educated at all events. This purpose was paramount to the desire of making a bequest to the plaintiff's institution. But we are to intend that the testator supposed it probable that there would be a large residuüm, as the event proved there was, and out of this he directed the payment of this legacy. This is very different from an absolute power of disposition, and the case does not, in my opinion, fall within the principle referred to. I am, therefore, of opinion that the legacy to the plaintiff was a valid gift, if there was personal estate remaining, at the death of Chloe Hyde, with which it could be paid.
But it is contended that the defendant, the surviving executor of Daniel Kellogg, who was himself the executor of David Hyde, is not liable for the amount, or any part of it. The defendant, it is true, does not represent the estate of David Hyde. But he, as Kellogg's representative, is bound to account to the representatives of Hyde, and the parties interested in his estate, to the extent of the assets of his testator in his hands, for whatever remains unaccounted for of the estate of Hyde. Kellogg mingled the assets of his testator with his own, and they have passed into the hands of his representatives. I do not think it can be maintained that it was the duty of Mr. Kellogg, as executor, to invest the amount of this legacy in securities, for the purpose of satisfying this contingent gift, in case the right to it should arise. The case of Spear v. Tinkham (2 Barb.Ch. *Page 95 R., 211), cited in the case of this plaintiff against Cole (20Barb. S.C.R., 321), is inapplicable. That was the case of a vested remainder, and in which the legatee for life took, by the terms of the will, only the use and occupation. In this case, nothing was vested, and it was doubtful during the daughter's lifetime whether the contingency would ever happen upon which the plaintiff would be entitled to the legacy. Mr. Kellogg's duty as guardian terminated when Chloe Hyde came of age. I know of no authority to show that the executors of her father had a right to withhold from her any portion of the residuary estate bequeathed to her, to await the event of her dying without issue living at her death. She survived her minority thirteen years. It is true that, if the whole residue had been paid to her on her becoming twenty-one, the plaintiff's security for the legacy would have been imperfect. It is not necessary now to say what cautionary measures might have been taken to secure it during that time; but to me it seems clear that the executors of the testator were not, during the life of Miss Hyde, made the trustees for this legatee. The further authority referred to by the Supreme Court, in the case against Cole, do not appear to me to bear upon the question. (Walcott v. Hall, 2 Bro. C.C., 305; Lupton v. Lupton, 2John. Ch. R., 614; Story's Eq. Jur., § 92.) I cannot, therefore, hold the defendant liable on the ground suggested in the opinion of the court in the case against Cole. But upon the death of Miss Hyde, the plaintiff became entitled to $10,000 out of the property bequeathed by Mr. Hyde to his daughter. I am not able to appreciate the difficulty which the Supreme Court found in decreeing its payment out of the assets in the hands of Cole, the administrator of Chloe Hyde; but I do not think the judgment in favor of Cole is a bar to the relief sought against the present defendant. If upon the death of Chloe, without issue, the plaintiff became entitled to this legacy, as I have supposed, any person who had possession of the estate out of which it was payable, as a trustee for the next of kin *Page 96 
of Chloe, might, after a proper demand, be prosecuted for the payment. The positions to be established in such an action would be the legal validity of the bequest, the death of Chloe without issue, and that the defendant was in possession of funds or property out of which it ought to be paid. If there is a balance due from Daniel Kellogg's representatives to the estate of David Hyde, that is a proper fund to the extent of such balance; and it appears by the special verdict that at the death of Chloe there was more than enough to pay this legacy in the hands of the defendant and the co-executors of Mr. Kellogg. Upon that event the plaintiff's legacy arose, and they had no right after that event to pay over the residue without retaining the amount to which the plaintiff was entitled. There is, however, a further difficulty in sustaining the judgment under review. The administrator of Chloe Hyde is a necessary party to the suit. He is a trustee of the next of kin of Chloe, and they are interested in this fund after satisfying all charges upon it, and have a right to be heard upon any claim which tends to take it away for the benefit of another, or to reduce it.
My opinion, therefore, is, that the judgment of the Supreme Court should be reversed, and the proceedings remitted to the Supreme Court, with directions to make an order that the case stand over to enable the plaintiff to make the administrator of Chloe Hyde a party defendant; that, upon this being done, and an opportunity being given to him, according to the forms and practice of the court, to contest the facts found by the special verdict, so far as may be material to show his right, as against the plaintiff, to the amount which will otherwise be required to pay the legacy, the Supreme Court should be directed to proceed to judgment according to the principles above established.
All the judges concurring,
Ordered accordingly. *Page 97