CHARLES T. GOODWIN AND AMELIA P. INGRAHAM, EXECUTORS, ETC., RESPONDENTS, *v.* GEORGE E. INGRAHAM AND OTHERS, APPELLANTS.

*Will — when a lapsed legacy does not fall into the general residue,— when an estate for life is not made absolute by an absolute power of disposition.*

A testator bequeathed to two persons named in his will the sum of $50,000, to be held in trust for the benefit of his five children. He gave, devised and bequeathed all the rest, residue and remainder of his estate, both real and personal, of whatever kind and wherever situated, to his wife, "provided and so long as she shall remain my widow, to have and to hold unto her, the said Amelia P. Ingraham, for and during the term aforesaid, with power of distribution as her absolute estate, by will or otherwise, provided she shall continue unmarried during the remainder of her natural life, after my decease." The trust involved an unlawful suspension of the power of alienation, and was void.

*Held,* that the $50,000 did not pass to the widow under the residuary clause, but should be distributed as in case of intestacy. (CULLEN, J., dissenting.)

That the widow did not take an absolute estate, but only an estate for life, with a power of disposition, and that in case she failed to exercise such power, the property would pass to the heirs-at-law of the testator.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

The action was brought to obtain a construction of the will of Edward Ingraham, deceased. After the payment of his just debts and funeral expenses he gave to two persons named in his will the sum of $50,000, to be held in trust for his five children. The trust was to continue during the lives of all the children, and was, for that reason, declared void. The residue of his estate he gave to his wife so long as she remained his widow. The Special Term held that the $50,000 fell within the residue and that the widow took an absolute estate thereto.

*Alexis C. Smith,* for infant defendants, appellants.

*Smith & Woodward,* for the respondents.

BARNARD, P. J.:

The construction put upon the will in question completely deprives the children of the testator of any interest in his property. This result is reached, not by the will of the deceased, but directly in opposition to it. The testator gives $50,000 in trust to his children, five in number. This trust is void for the reason that the absolute ownership of the fund is suspended beyond two lives in being at the creation of the trust estate.

The residue of his property is given to his widow "provided and so long as she shall remain my widow, to have and to hold unto her the said Amelia P. Ingraham, for and during the term aforesaid, with power of distribution as her absolute estate by will or otherwise, provided she shall continue unmarried during the remainder of her natural life after my decease."

The decree throws the $50,000 into the residuum of the estate, and gives the whole estate as an absolute and unconditional one to the widow.

The first conclusion is erroneous under *Kerr v. Dougherty* (79.

N. Y., 327). In that case the Court of Appeals say "the general rule is that in a will of personal property the general residuary clause carries whatever is not otherwise legally disposed of. But this rule does not apply where the bequest is of a residue of a residue, and the first disposition fails."

It was accordingly held that when certain legacies in the will failed, that augmentation of the residue by the failure did not go to the residuary legatees but devolved as undisposed of.

As to the $50,000, therefore, the same must be distributed as in case of intestacy.

I think the widow did not take an absolute estate. She had only a life estate and that depended upon her remaining unmarried, and only so long as she remained unmarried, and power to dispose of by will. She can give no title now which will prevent her title from divesting if she hereafter marry again.

The power of disposition by will or otherwise did not enlarge her estate. (*Livingston* v. *Murray*, 68 N. Y., 485.) If the power was unexercised the title to the property would pass to those entitled.

The judgment should be modified by declaring that the $50,000 is to be divided as if there was no will and that the widow only takes a life estate in the residue if she remain unmarried during life, and that she takes no estate for a term longer than she remains unmarried.

The allowance to the plaintiffs should not exceed $100, besides taxed costs.

DYKMAN, J., concurred.

CULLEN, J., (dissenting):

The trust sought to be created by the testator in favor of his children was by its express terms to continue during the lives of all five and the power of alienation was suspended during such lives. Hence the trust contravened the statute and was void. Being personalty this bequest thus void fell into the residuary estate. For the rule is clear as to personal property whatever may be the law as to realty, that bequests originally void on account of illegality as well as those that lapse for any reason, pass to the residuary lega-

tee. (1 Jar. on Wills, 645; *Van Kleeck* v. *Dutch Church*, 6 Paige, 600; *Lefevre* v. *Lefevre*, 59 N. Y., 446.)

The residuary estate, real and personal, is given to the testator's widow provided and so long as she shall remain such widow, with power of distribution as her absolute estate by will or otherwise provided she continued unmarried during the remainder of her life. There is no gift over in case of remarriage. Though the estate given to her was during widowhood, still as that was accompanied by a general power of disposition by will or otherwise, not for support or consumption, but subject only to the proviso that she remained single, we think the widow took an absolute estate in the personalty and a fee in the realty, subject to be defeated by remarriage. This condition was void as to the personalty, because there was no bequest over, but was valid as to the real estate. (*Hogan* v. *Curtin*, 88 N. Y., 162.) It follows that the remainder in the testator's real estate, contingent on the remarriage of the widow, was undisposed of by the will. · As to this interest or estate the testator died intestate. It consequently descended to his heirs-at-law, his five children. This estate, whether contingent or vested, is absolute in such heirs, capable of alienation or other disposition. (*Ham* v. *Van Orden*, ·84 N. Y., 257; *Moore* v. *Littel*, 41 N. Y., 66.) Such of the defendants as are grandchildren of. the testator have therefore no interest or estate in the realty.

The judgment appealed from should be modified in accordance with this opinion. Costs of all parties to be paid out of the estate.

Judgment modified in accordance with opinion of Justice Barnard and ordered to be settled by him.