LILLIE VAN AUKEN GRAHAM, Respondent, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, Appellant.

*Will — validity of a contingent disposition of a fund, given to a person, upon his death without issue.*

George A. Hern, by the seventh clause of his will, gave and bequeathed to the defendant the sum of $100,000, in trust, to invest the same, and keep it invested, and apply the interest and income to the use and benefit of his daughter, Eliza W. Graham, during her natural life, and directed that, upon her death, this sum of money should be divided into two equal shares or parts, and gave and bequeathed one of such shares or parts to the plaintiff, Lillie Graham, the daughter of the said Eliza W. Graham, subject to a provision contained in the eighth clause of the will, which directed that in case any share or interest in his estate should, under the said seventh clause, vest in the said Lillie Graham, and she should thereafter die intestate in respect to such share or interest during the lifetime of Augustus C. Graham, and without lawful issue born in wedlock then living, then, and in that case, the share or interest of such grandchild so dying should go to the testator's son, if living, or to his issue, and if none of such issue were then living, then to the sister of the testator's wife and their issue. After the death of the life tenant, Eliza W. Graham, the plaintiff brought this action against the defendant to recover one-half of the said fund.

*Held,* that she was entitled to recover it.

That the contingent disposition of the fund, made by the provision contained in the eighth clause, was not repugnant to the gift to the plaintiff contained in the seventh clause.

That while the title acquired by the plaintiff was a qualified one, and defeasable upon the contingency named in the eighth clause of the will, she was, nevertheless, upon the death of the tenant for life, entitled to receive the money from the defendant.

APPEAL from a judgment entered upon an order sustaining a demurrer interposed to the answer of the defendant, and from the said order and every part thereof.

*Emett & Robinson,* for the appellant.

*A. C. Brown,* for the respondent.

DANIELS, J.:

The judgment was recovered for a legacy deposited with the defendant under the will of George A. Hearn. The right to recover it depends upon the construction which should be given to so much of the seventh and eighth paragraphs of the will as affected the plaintiff's right to the legacy. She was the granddaughter of the testator and the wife of Augustus C. Graham, who is still living By the seventh paragraph of the will the testator gave and bequeathed to The New York Life Insurance and Trust Company the sum of $100,000 in trust to invest the same and keep it invested and apply the interest and income to the use and benefit of his daughter Eliza W. Graham during her natural life. She is since deceased and the trust has been fully executed by the defendant. Upon the death of his daughter the testator directed that this sum of money should be divided into two equal shares or parts and one of such shares or parts he by his will gave and bequeathed to Lilly Graham, the daughter of his daughter Eliza W. Graham, subject to the proviso contained in the eighth clause of the will. This proviso contained in and forming a part of the eighth paragraph of the will, is as follows: "Provided, however, and it is my will, that in case any share or interest in my estate herein and by the foregoing seventh clause intended to be given to Lillie Graham, the daughter of my said daughter Eliza W. Graham, shall, according to the terms of my will become vested in her, and she shall thereafter die intestate in respect to such share or interest during the lifetime of Augustus C. Graham, and without lawful issue born in wedlock then living, then and in that case the share or interest of such grandchild so dying shall

go to my son Afred Williams Hearn, if he be then living, and if he be not living, then to his lawful issue in equal shares and proportions, the issue of any deceased child to take the share the parent would have taken if living, and if there be at that time no such lawful issue of my son, and he be then deceased, then to the sisters of my wife and their issue, the issue of any such sister deceased taking the share to which the parent if living would have been entitled." And the reference made to it in that part of the seventh paragraph, which gave and bequeathed one equal share of the $100,000 to the plaintiff requires that this proviso shall be read with that part of the will making the bequest, to ascertain and discover the intention of the testator. By considering the bequeathing part of the will with this proviso, it is clear that the testator intended to give to his granddaughter this sum of $50,000 conditionally only. It was his design that her husband should have no part of this sum of money. And by the proviso he has declared in case of the decease of the plaintiff, during the lifetime of her husband without lawful issue born in wedlock then living, that this sum of $50,000 should go to his son Alfred Williams Hearn, if he should be living, or if not living then to his lawful issue in equal shares, and if he should have no such issue, then to the sisters of his wife and their issue. The title which she took under these clauses of the will to this sum of money was a defeasible title, depending upon the fact that she should survive her husband, or in case she did not, that she should have lawful issue to whom the money would descend as her next of kin. And if there was a failure in both these respects, the testator directed that then it should go to his son or to the sisters of his wife and their issue, as it was directed in the proviso.

It has been contended that this contingent disposition of the fund was repugnant to the gift to the plaintiff and void for that reason. But that contention cannot be maintained, for all that the testator did was to give the money to the plaintiff subject to this contingency. Her title was a qualified title and while it became vested, in the language of the proviso, it was still vested subject to the contingency already mentioned. No power was given to her to dispose of the fund, but it appears to have been intended and expected that she would retain it to the period of her decease, and

that then it would be subject to the contingent directions predicated upon that occurrence. And where that may be the nature of the bequest, and no power to dispose of the fund or property bequeathed is given to the legatee, there there this contingent disposition has not been considered so far repugnant to the bequest as to render it in the least degree inoperative.

In *Norris* v. *Beyea* (3 Kernan, 273) a will quite similar in its directions to the one now in controversy was considered by the court, and it was there declared in the opinion of DENIO, J., that "there is in truth no repugnancy in a general bequest or devise to one person, in language which would ordinarily convey the whole estate, and a subsequent provision that upon a contingent event the estate thus given should be diverted and go over to another person. The latter clause in such cases, limits and controls the former, and when they are read together it is apparent that the general terms which ordinarily convey the whole property are to be understood in a qualified and not an absolute sense." (Id., 284.) And "where the whole fee is first limited, as in a devise to a man and his heirs, and there is a devise over upon a contingency, this is an executory devise; but if the first devise was of an estate for life or years a subsequent limitation to take effect immediately upon the determination of such first estate, would be a remainder." (Id., 285.) The same subject was considered in *Trustees, etc.* v. *Kellogg* (16 N. Y., 83). There the testator " gave, devised and bequeathed all the rest and residue of his estate, both real and personal, which should remain after payment of his debts," etc.,   *   *   *   unto his daughter Chloe Hyde, her heirs and assigns forever." But if she died without lawful issue then he gave and bequeathed to the Theological Seminary of Auburn the sum of $10,000 for the purpose of endowing a professorship, etc. And this was held to be a valid limitation and disposition of so much of his estate. In considering this point it was said by the same judge that " it is argued that the bequest to the plaintiff is repugnant to the devise and bequest to Chloe Hyde and is void for that reason. There is of course nothing inconsistent in the idea that the whole residue is in the first instance given to Chloe, and that afterwards upon the happening of a certain event a part of it is given over to the plaintiff. This is an executory limitation of a very usual kind and involves no repug-

nancy whatever." (Id., 93.)  Tyson v. Blake (22 N. Y., 558) followed these authorities.   And it was there said by COMSTOCK, Ch. J., that " a general bequest of personal estate, like a fee in lands, can be subjected to a limitation over on a condition which is not too remote. If the direction is that it shall go to another beneficiary on a contingency which must happen at the death of the first taker, the limitation is within the rules of law and will be sustained.   *   *   *   The supposed repugnancy between the two clauses in question does not exist.   The first is a bequest of the entire thing intended to be given. The second is a substituted one to take effect only on a contingency which might defeat the other.   If there were any express words in the will importing that the primary legatee might consume or spend the whole fund bequeathed to her, then an attempt to give the same fund to another would be repugnant to the prior disposition, but there are no such words in this will." (Id., 563.)  In Van Horne v. Campbell (100 N. Y., 287) the direction contained in the will was materially different from those considered in the cases which have been referred to and to the one given in this case.   For there a power of disposition was inferred from the circumstance that the limitation over depended upon either of the testator's two sons, dying seized of the estate.   And from that circumstance it was inferred to have been the intention of the testator that the devisees might sell and convey the estate prior to the occurrence of the contingency on which the limitation over was dependent.   This brought the case within the principle which has just been stated and rendered the limitation over repugnant to the devise, and for that reason void and inoperative.   And this disposition of that case was considered to be entirely consistent with the validity of such a limitation over as is contained in this will.   In considering the principle applicable to this class of cases, it was held to be " an undoubted principle of the common law that a valid executory devise cannot co-exist with a devise of a primary fee, accompanied with an absolute disposing power in the first taker, and that an executory limitation by will, either of real or personal property after a gift of an absolute estate, is void.   An absolute power of disposition, annexed to a primary devise in fee, is deemed conclusive of the existence in the primary devisee of an absolute estate." (Id. 301.)  And ANDREWS, J., in considering Attorney General v. Hall (in Fitzgibbon), added that " execu-

·tory bequests of a future interest in personal property, to take effect on a contingency defeating a prior bequest made in words, denoting a gift of an absolute estate in the first taker were recognized as valid. And I am unable to find any trace in recent times of any distinction between the two species of limitation, or any case which holds that a limitation bad as to one species of property is good as to the other, or conversely." (Id., 306.) In a very able and elaborate opinion, delivered in the same case, the chief judge considered the limitation over of the property then in controversy to be sustained by the law of the State. But even if it ought not to be as the court construed the law, it was still conceded throughout the prevailing opinion, that a limitation over after such a bequest as was made in this will, should be legally supported. The case of *Terry* v. *Wiggins* (47 N. Y., 512) proceeded still further and held a limitation over to be valid, although a qualified power of disposition for her support was given to the devisee and legatee. And this was followed again in *Wager* v. *Wager* (96 N. Y., 164, 167). And the case of *Campbell* v. *Beumont* (91 N. Y., 465) was distinguished from the class of cases controlled by the principle which has already been stated. There the testator gave his property to his wife to be enjoyed by her for her sole use and benefit, and bequeathed over only such portion thereof as might remain at the time of her decease. This implied a complete power of disposition on her part, and the bequest, including that not disposed of by her, was considered to be repugnant to the right and title which she in this manner took under the will. It was added there, after referring to the authorities, " in all these cases it was in substance held that when the property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature and intention of the gift." (Id., 468.) It is probably needless to add, but it may as well be said to avoid any misapprehension, that the rules regulating the effect of such a limitation over is the same whether the property be real or personal. In this case no power of disposition was given by the will to the plaintiff of this sum of $50,000, but it was the expectation of the testator that it would be still vested in and held by her at the time of her decease. And it was upon that expectation that the final limitation over was made in case she should die within the lifetime of her

husband without leaving lawful issue.    The right of the plaintiff in this sum of money is controlled by these authorities and the rules which they establish.    She must be held, therefore, to take no more than a defeasible title to the $50,000, dependent upon the contingency mentioned in the proviso annexed to the language in the will giving her the fund.

But while her title is qualified and contingent in this manner, she has still by the will become entitled to the money on the decease of her mother.    The execution of the trust created for her mother's benefit was all that under the will the defendant had to do with this fund.    As soon as that was determined, as it was by her decease, then it became its duty to pay over this sum of money to the plaintiff, and it was no part of its concern that other parties might become interested in or entitled to the fund at the period of her decease.    If it had been given to her for life, or she had been vested with the right only to the interest or income, the case would have been different from that which is presented by the will, and there she would not be at liberty to take the possession of the fund without securing to the ultimate contingent legatees their final right to the money.    (*Montfort* v. *Montfort*, 24 Hun, 120 ; *Clark* v. *Clark*, 8 Paige, 152, 160; *Livingston* v. *Murray*, 68 N. Y., 485.)    But where the intention of the testator appears to be, as it has in this case, that the legatee shall take the fund itself and possess and control it subject to the future contingency, there such security is not required without at least some evidence proving the fact to be that the ultimate contingent interests will be imperiled by her possession without security.    (*Matter of Fernbacher*, 17 Abb. N. C., 339, 354.) And as the case contains no allegation or statement whatever tending to indicate that the final legatees, if the limitation over shall take effect, will be in the least danger of failing to receive the fund when that event may arrive, if they shall consider, and it is for them to consider the subject, that their contingent interests will not be safe without security, then it will be for them to apply to the court for such a direction as will insure their final safety.

On the recovery of the judgment, the plaintiff was entitled to costs, for the action was brought to recover a sum of money directly payable to her on the decease of her mother.    And when that fact became known to the defendant, it was its duty to pay over the

fund, but as its defense was evidently made in good faith for the protection of such interests as others might finally have in the fund, and the case cannot be said to be one which was either difficult or extraordinary, the allowance of $500 should not have been made. That was too much in the way of punishing the defendant for the failure of its defense which it presented in the interest alone of these ultimate contingent legatees. As to that and the refusal of commissions to the defendant, the judgment should be reversed, but as so modified the residue of the judgment should be affirmed without costs of the appeal to either party.

Van Brunt, P. J., and Brady, J., concurred.

Judgment modified as directed in opinion and affirmed as modified without costs.