Tennant, S.
The testatrix died, leaving her surviving, Munro Westcott, her husband, and no other next of kin. Her estate consisted exclusively of personal property, and therefore, if she had died intestate, the husband would have been entitled to her whole estate. Robins v. McClure, 100 N. Y., 328.
She left a will, drawn by herself, which was duly admitted to probate on the 13th day of May, 1886. The following áre the provisions thereof, so far as they relate to the inquiry here:.
“ I give, devise, bequeath, my estate and property, real and personal, the whole of which I may die possessed, be it much or little, to my niece, Mary Josephine Wilson, to have and to hold during her life-time.
“And I declare that neither principal nor income of said property, be subject to the control, debts or engagements of any relatives or husband of said Mary Josephine Wilson.”
The will contained no residuary clause, and no executor was appointed.
On the 28th day of May, 1886, the husband, Munro Westcott, was appointed administrator with the will annexed, and he took possession of the estate of the testatrix. The estate is now in process of settlement, no final accounting having been had.
The petitioner, Mary Josephine Wilson, claims that by the will, she acquired an absolute title to the entire estate of the testatrix, while, on the other hand, the administrator, with the will annexed, contends that she simply took the *288 use of the estate during her life, and upon her death the corpus of the estate then remaining passes to the husband of the testatrix.
The contention, therefore, involves a judicial construction of the provisions of the will above quoted. That the intention of the testatrix is to be ascertained by a consideration of the whole instrument, that the words therein are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected and that other can be ascertained, that, if possible, every word, sentence, expression and every provision in the will must be given with some effect, rather than that the same be rendered meaningless and inoperative, are cardinal and general principles for the judicial interpretation of wills. 3 Jarman on Wills, 707; Chrystie v. Phyfe, 19 N. Y., 344; 448; Taggart v. Murray, 53 id., 233, 236.
It is true, as stated by counsel for the petitioner, that the law prefers a construction of a will which will prevent partial intestacy to one which will not prevent it (Vernon v. Vernon, 53 N. Y., 351), still, the application of that rule sometimes' may be limited if not altogether destroyed by that other canon of judicial interpretation, that where there are two equally probable interpretations of the language of the will, that one is to be adopted which prefers the kin of the testator to strangers. Redfield Surr. Pr. (3d ed.), 255; Quinn v. Hardenbrook, 54 N. Y., 83; Wood v. Mitcham, 92 id., 375.
It seems to me reasonably clear that the will in question, when read in the light of these and other well known rules of judicial construction, gave to the petitioner, after the estate is settled, simply the personal custody and control of the testatrix’s property, coupled with the right to use only so much of the income and principal thereof as should be necessary for her own personal use exclusively, during the term of her natural life, and that as to so much of the estate as might remain at the petitioner’s death, the testatrix died intestate, and so passes, by operation of law, to the husband as remainderman.
The learned counsel for the petitioner supports his contention by the citation of adjudications, which declare the rule of the common law, that an absolute devise or an absolute bequest, coupled with an absolute power of disposition, cannot be limited or defeated by a subsequent provision creating a remainder. In other words, an expectant estate or remainder cannot be limited after a fee or bequest with power of absolute disposal in the first taker.
It certainly was the common law rule, before the Revised Statutes (3 R. S., 7th ed., 2178, §§ 32, 33), that a valid ex-ecutory devise could not be limited after a fee upon the
*289 contingency of the non-execution of an absolute power of disposition vested in the first taker, and such limitation was void, and that an absolute power of disposition annexed to a primary devise in fee was deemed conclusive of the existence in the devisee of an absolute estate. Van Horne v. Campbell, 100 N. Y., 287. This rule, however, presupposed that the first taker acquired by the will such an absolute title that he possessed the unrestricted power of disposition, so that the gift over would be repugnant to the devise or bequest to the primary devisee or legatee. And so where by the will the first taker did not acquire absolute title, or if the jus disponendi be limited or conditional,- the remainder was not repugnant, and hence valid. Smith v. Van Ostrand, 64 N. Y., 278; Terry v. Wiggins, 47 id., 512; Trustees v. Kellogg, 16 id., 83; Van Horne v. Campbell, 100 id., pp. 300, 301.
By the will in question, the right of Mary Josephine Wilson, the petitioner, “ to have and to hold ” the estate of the executrix, is, by express and unequivocal language, limited to “ during her lifetime.” Moreover, the idea of absolute ownership by the petitioner of the corpus of the estate is repelled by the second provision of the will, which declares “that neither principal nor income ” shall “ be subject to the control, debts or engagements of any relatives or husband of said Mary Josephine Wilson.”
This is so, because the legatee, while given the personal custody and control of the estate during her lifetime, the use of it was confined to her own personal use and benefit, and that exclusively. She was prohibited not only from allowing her relatives or any husband of hers from controlling the estate, but from ever becoming the owners thereof so as to be subject to their debts or engagements. In effect, therefore, the legatee, instead of having an absolute power of disposal of the estate, possessed only the mere power of having and holding it in her personal keeping, coupled with the right to use so much of it as she needed for her private use, exclusively, during her lifetime.
Hence I apprehend that even under the common law rule above stated, it could not be held that the petitioner by the will here in question, took _an absolute title to the estate, for the reason that her interest therein is limited by language, express and clear, to her lifetime, and for the reason that she was not given the absolute power of disposition.
But in my judgment this arbitrary and technical rule of the common law has been abrogated by the Revised Statutes (3 R. S. S., 2178, §§ 32, 33, 7th ed.), and that the true rule now is that though the contingency upon which the cre *290 ation of the precedent estate is limited to take effect, rests-in the will or volition of the first taker, the only effect of, such limitation is to render the happening of the contingency more remote, but still does not alter the character as a contingency upon the happening of which the estate is. to vest. In other words, an expectant estate by the statute is saved from being adjudged void in the creation, because of a liability to be defeated by an act or meaning which the party creating the estate provided for or authorized in the creation thereof. In the language of the court in a recent case, “ the plain meaning is that such an interest in property as would be termed an expectant estate, if it could otherwise be legally created, shall not be adjudged impossible of creation, because the creator of the estate in its creation provided for or authorized an act or means to defeat it.” Greyston v. Clark, 4 N. Y. State Rep., 4, 9.
And so the decisions of late have been, so far as my examinations have extended, uniformly to the effect that where the first taker is given the custody, control and the power to use as much of the estate as he desires, the devise or bequest to the remainder-man, or ulterior devisee or legatee, is not thereby rendered void. Crozier v. Bray, 39 Hun, 121; Spencer v. Strait, 38 id, 228; Matter of Woods, 35 id., 60; Wortman v. Robinson, 8 N. Y. State Rep., 829; Greyston v. Clark, 4 id., 4; Matter of Estate of French, 13 id. 759.
It is said, where the first taker is given authority to use the subject-matter of the gift “ as she may see fit,” or the same is “at her disposal” during her natural life, the gift is not an absolute one, but that the primary devisee or legatee takes simply a life estate with a conditional power of disposition.
In Matter of Cager, 13 N. Y. State Rep., 45; Wells v. Seeley, 13 id., 239; opinion Martin, J., and cases there cited on page 242.
The case of Carpenter v. Carpenter, 2 Dem., 534, was one very similar to the one now under consideration. The will in that case, after directing the payment of debts and funeral expenses, read as follows: “I give, devise and bequeath to my wife, Phebe H. Carpenter, all my personal estatethat I may be possessed of at the time of my death, consisting of whatsoever it may be at that time, real and personal, for her separate use and benefit during her natural life.”
The wife was then appointed executrix, and authorized and empowered to compound, compromise and settle all claims against or in favor of the estate. There were no other provisions of the will; no disposition was made of the testator’s estate after his wife’s death. The learned surrogate held that, though the law does not favor partial intestacy, a decedent may; that there was no presumption, where one makes a will that he intends to make a disposition *291 of his whole estate in a manner different from that in which the law would do it; or where the will does in terms make a complete disposition; that he. has not in mind the provisions of the law as to the undisposed portion; and that the wife took a life estate in decedent’s property, which, after her death, would repass by operation of law to his heirs, and next of kin. See Scott v. Guernsey, 48 N. Y., 106.
I entertain the opinion based upon the verbiage of this will and the authorities and cases above cited, that the petitioner, after the estate shall have been finally judicially settled, is entitled to the possession of the whole of the estate remaining, to be held, and controlled by her personally and exclusively, with the right to use exclusively for her personal use so much of the income and principal as reasonably her necessities might require, and then upon her death, so much of the estate as should remain unused, would, by operation of law pass to the husband.
It appears to be the law in such cases, that the life tenant, upon receiving the estate, should be required to give adequate security, for the accounting and payment to the remainderman, of the unexpended or unused portion of the estate, at the time of the death of the first taker. Livingston v. Murray, 68 N. Y., 485; Tyson v. Blake, 22 N. Y., 558; Matter of Wood, 35 Hun, 60, 65, 66.
There has not been a final settlement of the accounts of the administrator with the will annexed. It does not appear that all of the debts and funeral expenses of the testa-' trix have been paid.
I think, therefore, that a decree should be entered directing the administrator with the will annexed to render a final judicial settlement of his accounts; that such sum and securities belonging to the estate as shall be determined upon such judicial settlement must be delivered over to the petitioner, upon her executing a bond with two or more sureties, in the penal sum not less than twice the amount of said sum and securities, to Munro Westcott, his executors, administrators and assigns, conditioned for the accounting and payment to said obligee, such portion of the said estate as shall not have been used by the said Mary Josephine Wilson during her lifetime for her own exclusive personal benefit, and which shall remain unused and unexpended at the time of her death, and construing the will as above indicated.
The question of costs may be reserved, until the final judicial settlement of the accounts of the administrator with the will annexed.