RICHARD MAJOR (Formerly RICHARD MAJOR, JUNIOR), as Sole. Surviving Executor of and Trustee under the Last Will and Testament of RICHARD MAJOR, Deceased, Respondent, v. RICHARD MAJOR, Individually and Others, Respondents, Impleaded with RICHARD MAJOR, JUNIOR, Appellant.

Second Department, March 16, 1917.

Will construed — when devise in trust to a person for his own benefit creates a legal estate — sole grantee of beneficial power — when sole surviving executor and trustee may transfer trust property to himself individually.

A will gave the residuary estate to executors in trust, income to the testator's wife for life or until her remarriage, at which time the property was to be divided into certain equal shares, the net income of each share to be applied to the use of the testator's sons, during the life of each, "provided, however, that my executors hereinafter named may in the exercise of their discretion pay over to my said son * * * the principal of said share so held in trust or any part thereof," and in the event of the death of any son before he shall have received his said share, the same to be paid over, one-half to his widow and the other half to his issue. Two of the sons, together with a third person, were appointed executors and trustees and duly qualified, but thereafter two of the executors died, so that the present plaintiff remains the sole acting executor and trustee. The widow died without remarrying, while the present plaintiff has a wife and descendants living.

Held, that upon the death of the widow the office of trustee and the equitable rights as beneficiary served to unite in the plaintiff a legal estate for life in said share, with remainder upon his death to the persons specified in the will; but that such remainders were subject to be defeated in case the plaintiff, as sole surviving executor of the will, should elect to transfer his share to himself individually as his own, and that he had a right to convey to himself and terminate the trust.

If an estate is left to one in trust to apply the income to himself, the gift is not void, but the devisee takes a legal instead of an equitable estate.

There is no legal objection to a person being the sole grantee of a beneficial power, and in fact the statute provides for it, but there is a legal objection to the same person being a sole trustee and beneficiary, in which event the trust fades into the legal estate.

APPEAL by the defendant, Richard Major, Jr., from part of a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of

the county of Kings on the 2d day of June, 1916, upon the decision of the court after a trial at the Kings County Special Term with notice of an intention to bring up for review parts of an interlocutory judgment entered in said clerk's office on the 15th day of December, 1915.

*H. Francis Dyruff* [*Jesse Watson* with him on the brief], for the appellant.

*Lewis L. Delafield* [*John B. Marsh* with him on the brief], for the respondents.

PER CURIAM:

This is an appeal by the defendant, Richard Major, Jr., an infant, by his guardian *ad litem*, from so much of a final judgment entered in Kings county June 2, 1916, with review asked of the corresponding parts of the interlocutory judgment as construe certain provisions of the will of Richard Major, the father of the plaintiff and the grandfather of the said appellant.

The complaint sought the construction of the will in several respects, but the appeal here presents only the question of the construction of a single provision thereof. The final disposing clauses of the will give the residuary estate to the executors in trust, (a) to receive the income thereof and to apply the net income to the support of the testator's wife during her life or as long as she should remain unmarried; (b) upon her death or remarriage to divide the same into certain equal parts or shares; (c) — so far as directly affects the question here involved — "to invest the residue or remainder of said Third equal share of my residuary estate constituting one equal one-fourth of my estate, less the said sum of Ten Thousand dollars, and to apply the net *income* thereof to the use of my said son Richard Major during his life, provided, however that my executors hereinafter named may in the exercise of their discretion pay over to my said son Richard the principal of said share so held in trust or any part thereof," and (d) in the event of the death of the said son before he should have received his said share, then to pay over the same, one-half to his widow and the other half to his issue.

A similar provision was made for each of the testator's other two sons, Frank and Henry. The will appointed the two sons, Frank and Richard, and George H. Wyckoff as executors and trustees. The three duly qualified and acted, but Wyckoff and Frank died on or before June 28, 1908, and thereafter Richard, the plaintiff here, remained sole acting executor and trustee. The widow of the testator died August 31, 1911, without having been remarried, and the said Richard has a wife, one of the defendants, and three children, his only descendants, one of whom is the appellant Richard, Jr.

In 1911 and 1912 the said Richard, the plaintiff, as sole executor and trustee, paid over to his brother Henry, who died February 3, 1913, the sum of $6,000 as a part of the share so set apart for him. The other son, Frank, died June 28, 1908, leaving a widow but no issue.

The said Richard has, since 1911, paid over to himself $8,700, being a part of said share so set apart for himself, and has executed and delivered to himself individually an assignment and conveyance of the rest of the principal of said share, which consists of both personalty and realty. In this action the plaintiff, the said Richard, among other requests, asked, in effect, that the clauses affecting the subject might be construed so that he has the power to so pay over and convey the principal of such share to himself individually as and for his own. The appellant Richard Major, Jr., an infant son of said Richard, the plaintiff, appeared by his guardian *ad litem*, duly appointed, and made and filed the usual answer in such a case. His then infant sister joined with him in the answer, but, having since become of age, now acquiesces in the claim of her father, the plaintiff, and has not appealed. The issues were referred to Judge EDGAR M. CULLEN as sole referee to hear and determine. His decision found the facts as above stated, and as conclusions thereon held that upon the death of the widow the office of trustee and the equitable rights as beneficiary had served to unite in the plaintiff, Richard, a legal estate for his life in the share, with the remainder, upon his death, to the persons specified in the will; but that such remainders were subject to be defeated in case the said Richard, as sole surviving executor of the will, should elect to transfer

the share to himself individually as his own; and that he had so elected to do and had in fact so done.

Said defendant Richard Major, Jr., by his guardian *ad litem*, has appealed here from so much of the interlocutory and final judgment as embodies and makes such construction.

The decision made various other constructions of other parts of the will not germane to this appeal and, therefore, not further noticed herein.

The learned referee wrote: "I think that the plaintiff Richard Major had the power to convey the trust estate to himself and terminate the trust. The rule that one cannot be both trustee and *cestui que* trust does not affect this question. If an estate is left to one in trust to apply the income to himself the gift is not void, but the devisee takes a legal estate instead of an equitable one. It was evidently within the power of this testator to have left it solely to the discretion of each life tenant to demand the share held in trust for him. What effect such a provision would have had on the trust it is unnecessary to consider, but it would be good."

The trust as to Richard's interest was separate. The power was hostile to the trust, and would not fail simply because the trust might fail. Indeed, the very object was that the power exercised should terminate the trust. A power in several grantees may be executed by the survivor. (Real Prop. Law, § 166.) The will shows (1) that the testator contemplated the possibility of the death·of Frank, an executor, and provided for it; ( 2) a marked disposition to favor the vesting of property in Frank or Richard in case of the death of either without wife or issue, or of Henry without issue, or even leaving a wife or issue (10th subdivision), or of the daughter with or without surviving issue (9th subdivision). The testator must be deemed to have made his will with reference to the statute above noticed. Testator was informed by the statute that if Wyckoff did not qualify, Richard and Frank could decide to pay over (a) to Henry; (b) to Frank; (c) to Richard, and that Richard at least could pay over to Henry, even if Frank died, perchance, Frank and Richard already having paid over to Frank. But we are asked to hold that the testator did not intend that, if nature left Richard surviving .

without payment made to him, even if there had been payment to the other sons, Richard could not pay to himself. By that conclusion the father would be presumed to wish that the provision for Richard should fail provided he survived the other executors, or they did not qualify. The will is that the remainder shall take effect only in the event of the death of Richard "before he shall have received the whole or any portion of the principal of the share held in trust for him." But if the appellant's argument prevail, the remainder vested upon the failure of Wyckoff and Frank to qualify, or their death. That would, we think, disappoint the testator's intention. Let us look farther. Wyckoff and Frank died; then the testator's widow. So Richard at once, by the terms of the will, became a trustee and beneficiary of the life estate. So he was entitled to the possession of the property and the income for his life. Then the property vested in him as a legal estate for life, and the trust disappeared. (Real Prop. Law, § 92.) But the power did not depend on the trust, but was intended to live independently of it. One of its functions was to extinguish the trust. It was not even to be executed by Richard as trustee, but as executor. The trust could die; the trustee could become non-existent, but the power remained in the grantee. Hence, the situation at once arose that Richard as an individual had a life estate, and as executor he was the grantee of a power to pay the *corpus* to himself. When two or three of the executors had the power, it was in trust; when Richard succeeded to the power, it was beneficial. There is no legal objection to a person being the sole grantee of a beneficial power. The statute provides for it. There is a legal objection to the same person being a sole trustee and beneficiary. In that event the trust fades into the legal estate, and becomes mere useless framework to be cast aside. Therefore, the statute allows such a power; a survivor is allowed by express provision to execute it; the will does not forbid, but, as has been indicated, favors it. The appellant's proposition involves the conclusion that Richard loses the right to the fee of his share because he was allowed to live, and thereby to survive the others, and that he thereby pays a penalty. It is an informing fact that the exercise of the power depended

upon no conditions, contingencies or limitations. It was a naked power to pay over, without the exercise of any discretion referable to any requirement, advantage or necessity. It was not to furnish support if needed, or to maintain any state of living. It was merely an unconditional power to do something. If Frank had lived, he and Richard each would or could have consented as to the other. It is too much to expect that either would have refused to exercise the power as to the other. We do not find conclusive authority, but *Weeks* v. *Frankel* (197 N. Y. 304) presents views that support the present determination.

The judgments should be affirmed, with costs.

Jenks, P. J., Thomas, Mills and Putnam, JJ., concurred; Carr, J., not voting.

Judgments affirmed, with costs.