In the Matter of the Judicial Settlement of the Estate of SUSAN COLWELL, Deceased.

MARY LIBBIE RAYNOR, Appellant; LIBBIE S. BURNABY and ELLA R. COLWELL, as Executrices, etc., of SUSAN COLWELL, Deceased, Respondents.

Second Department, January 11, 1918.

**Decedent's estate — real property — right of life tenant to possession, control and management of estate.**

A legatee to whom the net estate of a decedent has been bequeathed for and during her natural life, with remainder over upon her death, is entitled to the possession, control and management of the estate, upon giving proper and adequate security for the payment and delivery of the corpus of the estate to the remaindermen upon her death.

Hence, where a testatrix left the remainder of her estate, both real and personal, to her sister for life, with remainder to her nephews and nieces, the sister has the absolute right, upon tender of adequate and proper security, to have the net estate paid over to her.

APPEAL by Mary Libbie Raynor from part of a decree of the Surrogate's Court of the county of Orange, entered in the office of said Surrogate's Court on the 30th day of July, 1917, directing among other things that the residue of the estate herein be paid to the executrices and be invested by them during the lifetime of the appellant who was the life tenant.

*M. N. Kane,* for the appellant.

*F. V. Sanford,* for the respondents.

RICH, J.:

Mary Libbie Raynor, a sister of Susan Colwell, deceased, one of the executrices and the life tenant under her last will and testament, appeals from so much of a decree of the Surrogate's Court of Orange county as directs the residue and remainder of the estate of the deceased, remaining in the hands of the executrices, to be paid to Libbie S. Burnaby and Ella R. Colwell, as executrices, to be by them invested during the lifetime of the appellant and the income thereof paid to her in semi-annual payments. Susan Colwell died March 8, 1916, leaving a last will and testament which provided that after the payment of her just debts and funeral expenses " All the rest, residue and remainder of my estate of every kind and description, both real and personal property, I give, devise and bequeath to my sister, Mary Libbie Raynor for and during the term of her natural life, at and upon her death, I give and devise the remainder to my nephews and nieces, equally share and share alike." The nephews and nieces are then severally named and provision made for the disposition of the property in case of the death of either. The appellant and respondents were named as executrices, and have duly qualified as such. On the judicial settlement of their account it was found that they had in their hands, after paying the debts of the decedent and expenses connected with the administration, a net balance of $10,480.52. The appellant asked on the accounting that the net estate, which was given her for life, be paid over to her upon her giving security in the form of a bond with surety or sureties to be approved by the surrogate, conditioned for the payment of the entire corpus of said estate to the remaindermen upon her death. Her application was denied, and the decree appealed from was thereupon made. This was erroneous, and so much of the decree as is appealed from must be reversed. Our attention is not directed to any authority limiting the rule in this State, that a legatee to whom the net estate of a decedent has been bequeathed for and during her natural life, with remainder over upon her death, is entitled to the possession, control and management of the estate, upon giving proper and adequate security securing payment and delivery of the corpus of the estate to the remaindermen

upon her death. (*Livingston* v. *Murray*, 68 N. Y. 485.) Cases have arisen presenting the question as to whether such an estate should be paid over to the life tenant without such security being given, but the absolute right to its payment and delivery when adequate and proper security has been tendered has never, so far as I am advised, been questioned. (*Matter of McDougall*, 141 N. Y. 21; *Matter of Rowland*, 153 App. Div. 327; *Matter of Camp*, 126 N. Y. 377, 384, 385.) The appellant is entitled, upon filing a bond with sufficient sureties, approved as to form, amount and sufficiency by the surrogate of Orange county, conditioned for the payment of the whole corpus of the estate to the remaindermen upon her death, to the possession and management of the net estate of the testatrix during her life.

The decree of the Surrogate's Court of Orange county, in so far as appealed from, is, therefore, reversed, with costs to the appellant to be paid from the estate, and the proceeding is remitted to that court for the entry of a decree that will conform with this decision.

JENKS, P. J., THOMAS, PUTNAM and BLACKMAR, JJ., concurred.

Decree of the Surrogate's Court of Orange county, in so far as appealed from, reversed, with costs to the appellant to be paid from the estate, and proceeding remitted to said court for the entry of a decree that will conform to this decision.