Matter of the Estate of WILHELM RECKE, Deceased.

(Surrogate's Court, Bronx County, July, 1920.)

Accounting — when account of executors will be surcharged —
transfer tax — Code Civ. Pro. § 2739.

> A bequest of the life use of a certain sum of money with
> remainder to the legatee's children who may survive her, gives
> the legatee no right to any portion of the principal, and pay-
> ment to her of the net amount of the legacy remaining after
> payment of the transfer tax, without requiring her to give
> security, is unauthorized and the account of the executors will
> be surcharged with the amount so paid her.
>
> Where a watch of the value of fifty dollars and wearing
> apparel of the value of ten dollars are bequeathed to an infant,
> delivery thereof to his guardian is necessary under section
> 2739 of the Code of Civil Procedure before a credit can be
> allowed to the executors therefor, and their account will be
> surcharged with the value of the watch which they delivered
> to the infant personally.

PROCEEDING upon the judicial settlement of the
accounts of executors.

Rabe & Keller, for executors.

Frederick A. Stroh, special guardian for infant
legatee.

SCHULZ, S.    The 4th paragraph of the will of the
decedent provides as follows: " I give and bequeath
to said Caroline Weber the use of the sum of. Three
Thousand (3,000) Dollars during life, and after her
death I give the said sum to the children who may
at the time of her death be her surviving."

The accounting executrix and executors show a pay-
ment to the said legatee of the sum of $2,850, being the

43

net amount of the said legacy remaining after the payment of the inheritance tax.

The will also contains the following bequest:

" *Second.* I give my gold watch and all my wearing apparel to Henry Weber, Jr., the son of Henry Weber."

The watch is stated to be of the value of fifty dollars, and the petitioners charged themselves with the sum of ten dollars as being the value of the wearing apparel of the decedent. The watch was delivered to the infant personally, while the wearing apparel appears to be in the possession of the petitioners.

The special guardian of the infants objects to the allowance of the credit claimed for the payment to Caroline Weber on the ground that the same was made without requiring her to file any bond or give any security therefor, whereas the petitioners should have retained the amount of said legacy in trust for her use only and paid the same to the children who survived her at the time of her death, and he also objects to the credit claimed for the value of the watch upon the ground that the person to whom delivery is stated to have been made, was an infant.

The will gives Caroline Weber the life use of the sum of $3,000, and the remainder to the children who may at the time of her death be her surviving, but gave her no right to consume any portion of the principal. In *Matter of Rowland,* 153 App. Div. 327, 331, speaking of a life interest in the income of a trust fund which did not carry with it any right to consume any portion of the principal, the court said: " It is the general rule that under such circumstances the life tenant is not entitled to the possession of the corpus of the fund, consisting of moneys or securities, without giving adequate security for the protection of the remainderman, unless the will expressly provides that

the life tenant shall have possession or unless the scheme of the will, viewed in the light of surrounding circumstances, indicates plainly that the testator intended that the life tenant should have such possession, in which event the life tenant should be considered as a trustee for the benefit of the remaindermen and subject to supervision by a court of equity during the continuance of the life estate. (*Matter of McDougall*, 141 N. Y. 21; *Livingston* v. *Murray*, 68 id. 485; *Smith* v. *Van Ostrand*, 64 id. 278.)''

In this case, *Matter of Ungrich*, 48 App. Div. 594; affd., 166 N. Y. 618, and *Matter of Hamlin*, 141 App. Div. 318, cited by the petitioners, are referred to, and the reason why the general rule was not applied therein is made clear. In the matter now before me the corpus of the fund consisted of moneys, the language of the will does not expressly provide that the life tenant shall have possession and the scheme of the will does not plainly indicate such an intention on the part of the testator. Under the general rule, therefore, the payment should not have been made to the beneficiary without requiring her to give adequate security for the protection of the remaindermen. In my opinion, if she desired the possession of the fund she was entitled to it, but only upon giving security. *Livingston* v. *Murray*, 68 N. Y. 485; *Matter of Colwell*, 181 App. Div. 408. Had such security been given, the petitioners would be entitled to be credited with the payment made. As it is, the payment was improper and the objection to the credit to that extent is sustained, and the petitioners surcharged with the sum of $2,850.

I do not agree with the contention of the petitioners that, under section 2688 of the Code of Civil Procedure, the delivery to the infant of the gold watch was permissible, and that section 2739 of the Code has no

application. The two sections must be read together, and when so considered, it is evident that the credit claimed cannot be allowed. As the watch and the wearing apparel are of a value in excess of the sum of fifty dollars, the delivery to a guardian of the infant is necessary under section 2739, *supra,* before a credit can be allowed. The objection of the special guardian to this item, therefore, also must be sustained, and the petitioner surcharged with the sum of fifty dollars, being the value of the watch aforesaid.

Decreed accordingly.