In the Matter of the Judicial Settlement of the Account of Proceedings of MILDRED B. RICHARDSON, as Executrix, etc., of ALFRED W. RICHARDSON, Deceased.

Surrogate's Court, Bronx County, December 13, 1929.

*Willcox, Swiger & Chambers,* for the executrix.

SCHULZ, S.   The decree as presented should not be signed.   A person cannot legally be the sole trustee and the sole beneficiary of the same identical interest.   (*Rose* v. *Hatch,* 125 N. Y. 427, 431; *Greene* v. *Greene,* Id. 506, 510; *Weeks* v. *Frankel,* 197 id. 304, 310; *Matter of Farrell,* 133 App. Div. 97, 99; affd., 198 N. Y. 579; *Major* v. *Major,* 177 App. Div. 102, 106.)   *Woodward* v. *James* (115 N. Y. 346), to which my attention is drawn, does not change the law in this respect, but, on the contrary, reaffirms it. Under the will in question the person named as *cestui que trust* takes a legal life estate.   (Real Prop. Law, §§ 92, 96; Pers. Prop. Law, § 11; cases cited above.)

A life tenant, if she wishes to take the funds of the estate into her possession as such, is required to give a bond for the protection of the remaindermen, unless she has a right to invade the principal, or it clearly appears that the decedent desired her to have such possession without the giving of security.   (*Matter of Rowland,* 153 App. Div. 327, 331; *Livingston* v. *Murray,* 68 N. Y. 485; *Matter of McDougall,* 141 id. 21; *Hitchcock* v. *Peaslee,* 145 id. 547; *Matter of Gillespie,* 18 Abb. N. C. 41; *Matter of Colwell,* 181 App. Div. 408.)

The decedent stated that he did not wish his wife to give a bond as executrix and trustee, and while it might appear that this indicated that he did not wish her to furnish security under any circumstances, this does not follow as a necessary conclusion.   As executrix and trustee his wife would be limited in the nature of the securities in which she could invest, unless a contrary provision was made by the decedent in his will, whereas as life tenant she would have the absolute control of the fund; hence a provision that as executrix and trustee she need not give a bond is not the same as directing that as life tenant she shall not give security, if she wishes to take possession of the fund.

It follows, therefore, that if the petitioner as executrix desires to turn over to herself as life tenant the funds of the estate of which she is such life tenant, she must give a bond to secure the remaindermen.   She may, however, if she so desires, follow the practice outlined in *Matter of Shipman* (53 Hun, 511); that is to say, she may hold the funds as executrix.   As such she should be considered a trustee for the benefit of the persons named as remaindermen,

and subject to the supervision of a court of competent jurisdiction during the continuance of the life estate. (*Matter of Rowland, supra,* 332; *Livingston* v. *Murray, supra,* 492; *Matter of McDougall, supra; Matter of Farrell, supra.*) As the will provides that in such capacity she shall not be required to give a bond, it would not be necessary for her to do so.

Redraft decree in accordance with the foregoing and submit for signature.