In the Matter of the Estate of JULIUS BACHARACH, Deceased.

Surrogate's Court, New York County, October 4, 1930.

*M. S. & I. S. Isaacs,* for the executors and the life tenant.

O'BRIEN, S.   The accounting executors seek the court's approval of their turning over of the personalty for which they are accounting to the legal life tenant without security.   *The widow is the legal life tenant,* designated in paragraph 4 of the will, which reads as follows: " All the rest of my estate, real and personal, wherever the same may be situated, and whatever its nature may be, I give, devise and bequeath to my wife, Fannie Bacharach, to have, hold and use the income thereof so long as she may live."

In paragraph 5 testator provides with careful detail for a life estate of $10,000 for his nephew Karl, son of a deceased brother, and upon his death for the distribution of the remainder of this fund.   In the 6th paragraph, with minute detail, .testator provides for the division of the remainder of the residue after the death of his wife into seventeen parts, and the distribution of fourteen of these parts among his brother and various nephews and nieces, and further, after his wife's death, for a trust in three of said shares with Karl, his nephew, as a beneficiary for life, with remainders to various nephews and nieces and grandnephews and grandnieces, and to his brother Jacob, if living, and if deceased, to his surviving children.   The will names the widow, said life tenant, and another

individual and a trust company as executors and trustees and directs that " *no bond or security of any kind shall be given by or required from any of my said executors or trustees for the exercise of their duties in either capacity.*"

The attorneys for the accounting trustees, who are about to turn over to the widow the personal property for her use, have submitted a brief in which very strong arguments based upon the facts, and well-nigh controlling authorities upon the law applicable to the situation, are presented (*Matter of Rowland*, 153 App. Div. 327; *Matter of Ungrich*, 48 id. 594; *Matter of Hamlin*, 141 id. 318, and other pertinent decisions). After careful consideration I have reached the conclusion that the remaindermen should be protected by requiring the widow to furnish security. Among the several reasons leading to this conclusion are the following: (1) Protection for the remaindermen will likewise protect the legal life tenant herself against possible penury and want; (2) the securities or part of them are in non-legal investments; (3) while testator expressly relieved the executors and trustees from a bond, he makes no such provision for the legal life tenant (this is significant even though said life tenant is one of the executors and trustees); (4) while the residue is given to the widow for life, she is not given any power either to consume or to invade the principal; (5) the precise and meticulous manner in which testator provides for the second life estate in part of the residuary for his nephew Karl and for division and distribution of remainders to nephews and nieces and grandnephews and grandnieces is strong proof that they were all embraced in his memory and his desire to have them enjoy some of his estate; (6) if the cost of the bond be deemed to be too onerous for either the estate or the life tenant to bear, arrangements for the joint control of the principal or deposit subject to the order of this court may be made and the cost of the security substantially reduced. In any event a bond will be required.