In the Matter of the Estate of FREDERICK ESPENSCHEID, Deceased.

Surrogate's Court, Wayne County, May 4, 1931.

*Hamn & Brandt* [*John W. Brandt* of counsel], for the executor, Rochester Trust and Safe Deposit Company.

*Gordon G. Harris*, for Morris Espenscheid, a remainderman.

*Charles P. Williams*, special guardian for Frederick Espenscheid and Norman Espenscheid, infants.

GILBERT, S.   In this proceeding for an accounting the executor seeks a decree as follows:   1. Settling its account and discharging it as executor.   2. Directing it to continue ·to administer the life estate as testamentary trustee.   3. Allowing it a full commission. Objections are raised by remaindermen on all three issues and the matter thus comes before the court for decision.

A determination of the first point will practically determine the second and third issues raised, as, under the circumstances in this

case, if the executor is not entitled to a final settlement of its account there is no need for the appointment of a testamentary trustee and full commissions cannot be allowed at this time.

The will of the decedent, after making a number of provisions which are not material to the issue, provides as follows: " *Ninth.* I give, devise and bequeath the use of all the rest, residue and remainder of my estate unto my son Bismarck V. M. Espenscheid, for and during the term of his natural life, and after his death I give, devise and bequeath the same to his children, share and share alike, except that Etan Groux shall have and receive the sum of One Thousand Dollars ($1000.00) more than the share of each of the other children."

The executor takes the position that, having fulfilled all other provisions of the will, it should now be discharged as executor and should continue to administer the rest, residue and remainder as a testamentary trustee. If the position of the executor is correct, it must be held that the 9th clause of decedent's will sets up a trust and imposes trust duties on the part of the executor distinct from the duties heretofore assumed and exercised by it as executor.

It is elementary that the intention of the testator must govern. It will not be presumed that the testator intended to charge his estate with the payment of double commissions unless such an intention can clearly be discerned in the provisions of the will, or its terms admit of no other construction. To create an express trust there must be (1) a designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee with the intention of passing legal title thereto to him as trustee. (*Hodgman* v. *Cobb*, 202 App. Div. 259; *Brown* v. *Spohr*, 180 N. Y. 201.)

In the present case the bequest is not made to the executor but is made direct to the beneficiary. Should the life beneficiary elect to furnish security there is no reason why he should not take over the residue into his possession, in which case the executor would not even have the handling of the fund during the lifetime of the beneficiary. (*Matter of Colwell*, 181 App. Div. 408.)

It is the duty of an executor to reduce to his possession the assets of the estate and to distribute them according to the will. So far as personal property is concerned, the duties of an executor and an administrator are identical except that in one case distribution is made pursuant to the will and in the other case distribution is made pursuant to statute. In the performance of his

duty it frequently happens that distribution of the whole or of a part of the estate is for one reason or another postponed for an indefinite period and, during that period, an executor may be said to be fulfilling the duties of a trustee. In fact, all executors' duties are trust duties, although all executors are not trustees as defined under the law.

The mere fact that, under clause " 9," the distribution of the residue of decedent's estate may not be made at this time does not of itself constitute the residue a trust, as contemplated in law, nor make the executor's duties in relation thereto trustee's duties as distinguished from its executorial duties. (*Johnson* v. *Lawrence*, 95 N. Y. 154; *McAlpine* v. *Potter*, 126 id. 285; *Matter of Ziegler*, 218 id. 544.)

A very exhaustive discussion of the subject is found in the decision of Surrogate WINGATE in *Matter of Abrahams* (136 Misc. 538). (See, also, *Matter of Galloway*, 139 id. 183.) While the *Abrahams* decision deals only with the question of double commissions, the principles stated and the authorities cited are as applicable to the decision of the issues raised in the instant case.

After careful study of the law and consideration of the authorities cited in the briefs submitted, I am convinced that no trust is created by the " ninth " clause of decedent's will; that the present accounting is an intermediate accounting by the executor; that the executor should continue to hold and administer according to the provisions of the will the residue of decedent's estate unless the life beneficiary elect to take possession of the residue upon giving sufficient surety; that the executor is entitled on this accounting to a full commission upon the amount of corpus and income of the estate which has been received and distributed and one-half commission upon the corpus received and not distributed.

A decree may be entered accordingly.