In the Matter of the Estate of EUGENE VON KLEIST, Deceased.

Surrogate's Court, Niagara County, April 25, 1933.

*Everette H. Hunt,* for the petitioner.

*Dow Vroman,* executor and attorney in person.

*Glen R. Bedenkapp,* special guardian.

*Ellsworth Storrs,* special guardian.

GOLD, S. This is a proceeding commenced for a determination as to the construction or effect of the disposition of personal property contained in the last will and testament of Eugene von Kleist, deceased.

The decedent, a resident of the city of North Tonawanda, Niagara county, N. Y., died during the latter part of the year 1913, leaving a last will and testament executed June 30, 1911, which was duly admitted to probate in the Surrogate's Court of Niagara county on September 3, 1913.

The testator left him surviving his wife, Charlotte M. L. von Kleist, who died on August 12, 1916, and three children, August von Kleist, Charlotte von Kleist and Martha von Kleist Thomas.

Dow Vroman, the executor, duly qualified and took into his possession, as such, the estate of the decedent.

After making certain bequests, the testator provided in his will as follows:

" *Fourth.* Having in mind that I ought in all fairness to dispose of my residuary estate in such manner that after the death of my wife, Charlotte M. L. von Kleist, my three children, Charlotte von Kleist, Martha Thomas and August von Kleist (or their descendants) shall possess and enjoy the same equally (taking into consideration what I have heretofore advanced to my said children), and keeping in mind that I have heretofore made substantial payments of money to my said two daughters, Charlotte von Kleist and Martha Thomas, and also keeping in mind the fact that I have annually provided large sums of money for my said wife for the purpose of maintaining a home at Berlin, Germany, at which home she has seen fit to allow my said two daughters to live with their respective husbands and families and that thereby I have practically provided a home for such two daughters and their families while, at the same time, I have not contributed towards the maintenance and support of my said son August, therefore, I do hereby declare that the sum of six thousand ($6,000) dollars with interest thereon from May 1st, 1911, shall be charged to my daughter Charlotte von Kleist and be considered part of my residuary estate and that my said daughter Charlotte shall also be charged at the rate of fifteen hundred ($1,500) dollars per annum from May 1st, 1911, for such time prior to my death as she shall continue to reside with my said wife, interest to be charged upon such sums annually at the expiration of each and every year and that such sums so charged with the said interest shall be considered a part of my said residuary estate; and I also direct and declare that the sum of eight thousand ($8,000) dollars with interest thereon from May 1st, 1911, shall be charged to my daughter Martha Thomas and be considered part of my residuary estate and that my said daughter Martha shall also be charged at the rate of fifteen hundred ($1,500) dollars per annum from May 1st, 1911, for such time prior to my death as she shall continue to reside with my said wife, interest to be charged upon such sums annually at the expiration of each and every year and that such sums so charged with the said interest shall be considered a part of my said residuary estate; it being my intention by having the said charges so made to give

my said son August a preference in the final division of my said residuary estate to the extent of the charges so directed to be made against my said two daughters.

" Such charges having been made I direct my executor hereinafter named to divide all the rest, residue and remainder of my estate including the said sums with interest so charged to my said two daughters, Charlotte and Martha, which I have heretofore and do hereby declare to be a part of my residuary estate, into three equal parts, one of such equal parts to include all such sums with interest so charged to my said daughter, Charlotte, and to be known and designated as the ' Charlotte von Kleist share,' another of such equal parts to include all such sums with interest so charged to my. said daughter, Martha, and to be known and designated as the ' Martha Thomas share,' and the third of such equal parts to be known and designated as the ' August von Kleist share.'

" Such division having been made, I give, devise and bequeath the use, income and profits derived from the ' Charlotte von Kleist share ' to my wife, Charlotte M. L. von Kleist, for and during the term of her natural life and from and after her death unto my said daughter, Charlotte von Kleist, for and during the life of my said daughter, Charlotte, and upon the death of my said daughter, I give, devise and bequeath said share to her issue surviving her, share and share alike, *per stirpes* and not *per capita*, and if she leave no issue her surviving, then to my daughter Martha and son August, the issue of a deceased child taking the share which his, her or their parent would have taken if alive."

The two succeeding paragraphs provide a similar disposition of the " Martha Thomas share " and the " August von Kleist share," and to the descendants of each.

The executor turned over the corpus of the " Martha Thomas share " to her and the corpus of the " August von Kleist share " to him, both of whom are now living. The " Charlotte von Kleist share " is still in the hands of the executor. It is claimed by the petitioner that the executor should not have turned over the shares to Martha Thomas and August von Kleist, for the reason that they were simply entitled to a life estate without possession and that the executor was the trustee of said funds, to keep the same intact during the lifetime of Martha Thomas and August von Kleist and to turn over the corpus to their descendants or otherwise, as provided in said will, in case there were no descendants. Petitioner claims that there is no right of possession granted by the will to Martha Thomas, August von Kleist or Charlotte von Kleist.

The executor claims that the intent of the testator was that his said three children were entitled to possession of the said shares

named after each, after the death of testator's wife, and that he was within his legal rights in turning over the corpus of the "Martha Thomas share" and "August von Kleist share" to each.

The whole question rests upon whether or not the executor was justified in law in turning over the "Martha Thomas share" and the "August von Kleist share" to each instead of holding the same in his possession as trustee during the lifetime of each, to pay the corpus, as directed it be paid, upon the death of each. The will names Dow Vroman executor. It does not designate him as trustee with reference to said three shares.

Petitioner, who is a son of Martha Thomas, claims that by giving the use, income and profits derived from the three shares to his three children, it imposed a duty upon the executor to hold the said funds in his possession during the lifetime of the three children.

The executor, on the other hand, claims that the provision in the residuary clause, which the petitioner claims sets off a life estate only, is qualified to the extent that he was justified in delivering actual possession of the corpus.

"It is the general rule that under such circumstances the life tenant is not entitled to the possession of the corpus of the fund, consisting of moneys or securities, without giving adequate security for the protection of the remaindermen, unless the will expressly provides that the life tenant shall have possession, or unless the scheme of the will, viewed in the light of surrounding circumstances, indicates plainly that the testator intended that the life tenant should have such possession, in which event the life tenant should be considered as a trustee for the benefit of the remaindermen and subject to supervision by a court of equity during the continuance of the life estate.

"And where the will expressly directs that the life tenant shall have possession of the fund, the executors cannot as a matter of right insist upon security before paying it over. (*Matter of Ungrich,* 48 App. Div. 594; affd., 166 N. Y. 618.)" (*Matter of Rowland,* 153 App. Div. 327, 331, 332.)

The petitioner claims that the words, "Having in mind that I ought in all fairness to dispose of my residuary estate in such manner that after the death of my wife, Charlotte M. L. von Kleist, my three children, Charlotte von Kleist, Martha Thomas and August von Kleist (or their descendants) shall possess and enjoy the same equally," are simply expressive of a desire and advisory in character and that the provision giving the use, income and profits to each is controlling. Both special guardians concur in this construction. They represent grandchildren of the decedent.

I do not so view the situation. The three shares set up con-

stitute the residuary estate. Testator provides, " Having in mind that I ought in all fairness to dispose of my residuary estate in such manner that after the death of my wife, Charlotte M. L. von Kleist, my three children, * * * (or their descendants) shall possess and enjoy the same equally." By so doing he refers to the residuary estates created by the three shares so named and states that the children (or their descendants) shall possess and enjoy the same equally. By an analysis of the will the words " or their descendants " are placed in parentheses, and, to a certain extent, qualify the right of possession given to the three children, but do not deprive them of that right. Any other construction would mean that the descendants of Charlotte von Kleist, Martha Thomas and August von Kleist would be the only ones entitled to possession of the corpus. I do not think testator intended this at the time of the execution of the will. Upon payment of the corpus of the fund to Martha Thomas and August von Kleist, each became the implied trustee of said fund.

The executor was justified in paying over the corpus of the Martha Thomas share to her and the August von Kleist share to him.