In the Matter of the Estate of HUGH P. CONNOLLY, Deceased.

Surrogate's Court, New York County, February 14, 1935.

*Beekman, Bogue & Clark,* for the executors and trustees.

*Kathryn A. Wendel,* special guardian.

*Marie Murphy,* one of the objectants in person.

FOLEY, S. The objection to the fees charged by the attorneys for the executors and trustees is overruled. The request of the

corporate executor and trustee for leave to resign was withdrawn upon the hearing. It may continue to function subject to its right to renew the application to resign by supplemental motion or order to show cause in the accounting proceeding. The decree to be entered herein may contain an appropriate provision to that effect. For the further guidance of all the parties to this proceeding, it should be plainly recorded that if the corporate trustee resigns, a new cotrustee must be appointed to protect the assets of the trust. The other trustee is the widow of the decedent. She is the sole life tenant of the residuary trust. In the will there is a power, under certain limited and restricted emergencies, to invade the principal. Upon the hearing, the attitude of the widow towards the trust was fully disclosed. She is plainly ignorant of the law or possessed of a disposition to escape from the provisions of the will made by her husband, wherein he limited her to the life income of the trust. Her general disposition is to increase her income by investments of the principal in securities not authorized by the law of New York, particularly in a mortgage upon New Jersey real estate, and even to invade and use the capital of the trust for her maintenance and support. The remainder is contingent and some of the prospective remaindermen are infants. Their rights must be adequately and vigorously safeguarded. To permit the widow to function alone as trustee will lead almost inevitably to the serious impairment or destruction of the entire trust in absolute disregard of the rights of these infants. (*Woodbridge* v. *Bockes,* 170 N. Y. 596.)

Under such circumstances, the decisions hold that where the testator himself has foreseen the situation and anticipated the improvidence or absence of business capacity of a life tenant, who is named as cotrustee, by joining an additional trustee with her, the courts shall enforce the testator's intention by refusing to permit the administration of the trust by the life tenant alone. In such cases also, where the disinterested trustee resigns or is removed, the courts always appoint a new cotrustee for the protection of the remaindermen. (*Weeks* v. *Frankel,* 197 N. Y. 304; *Brown* v. *Spohr,* 180 id. 201; *Woodbridge* v. *Bockes, supra; Losey* v. *Stanley,* 147 N. Y. 560; *Greene* v. *Greene,* 125 id. 506; *Matter of Richardson,* 135 Misc. 726; affd., 229 App. Div. 765; *Matter of Arnolt,* 127 Misc. 579.) That procedure will be made the law of this estate.

Since the widow, Sarah Connolly, is not represented by an attorney upon this contested accounting proceeding, the attorney for the cotrustee is directed to serve a copy of this decision upon her personally and file promptly proof of such service.

Submit decree on notice settling the account accordingly.