### In the Matter of the Estate of JAMES J. BEARD, Deceased.

Surrogate's Court, Bronx County, December 6, 1938.

*Vincent F. O'Rourke*, for Sophia Beard, as executrix, etc.

*William C. Stone*, for Walter J. Beard, legatee.

*Leo Gellens*, special guardian.

HENDERSON, S. The testator was survived by his widow, who is the executrix of the will and the accountant herein, two sons by a previous marriage and three children of the testator by the marriage to the surviving spouse.

By the terms of the will, a life estate in the residuary is created for the benefit of the widow with vested remainders to his children. There is no right to invade the corpus.

The question for determination is whether or not the life tenant should be required to give security before the payment or delivery to her as life tenant of the corpus of the residuary estate. It is clear from a reading of the will that the testator intended that the life tenancy created by him should give the right of possession to the life tenant. Under such circumstances, it was said by Judge LEHMAN (*Matter of von Kleist*, 265 N. Y. 422, 428): " An executor's duty to demand security before delivery of the property to a life tenant exists only where the testator has not manifested an intention that the property should be delivered to the life tenant."

In the instant case the testator directed " that my said wife shall not be required to give any bond or undertaking as such executrix or as trustee in any jurisdiction." No trust is created by the will. A life estate for the widow is created in the net estate. The testator must be presumed to have known that when he gave his wife possession of the residuary estate as life tenant, she would

be holding it as a trustee for the benefit of the remainderman. (*Matter of Richardson*, 135 Misc. 726, 727; affd., 229 App. Div. 765.) His very use of the word "trustee" shows that he was aware of that fact and intended that she serve without bond, otherwise the inclusion of that word would be surplusage and would be meaningless.

I find that the life tenant should not be required to furnish a bond. The will is construed accordingly.

Settle decree.