In the Matter of the Accounting of GIUSEPPE PANTALEO, as Executor of CONCETTA T. PANTALEO, Deceased, Petitioner.

Surrogate's Court, Queens County, February 23, 1943.

*Peter Perrone* for petitioner.

*Gillespie & O'Connor* for Trustees of St. Patrick's Cathedral in City of New York.

*Mortimer Cassidy,* special guardian for Francesco G. M. Castiglia and others, infants.

SAVARESE, S. By the ninth paragraph of her will testatrix appointed her husband sole executor and trustee without bond. In the following paragraph she created a trust of her residuary estate and directed her husband as trustee " to pay and distribute the net income thereof as follows: Eighty (80%) per centum thereof to be retained by himself, my said beloved husband, GIUSEPPE PANTALEO, for his own use, upkeep and maintenance.

" Twelve (12%) per centum thereof, to my beloved sister, MARY GUARDAILE, for her own use.

" Eight (8%) per centum thereof, to my beloved brother, NICHOLAS RIGGIO, for his own use for the term and duration of the natural life of my said husband, GIUSEPPE PANTALEO.

" I hereby authorize and empower my said beloved husband and Trustee, GIUSEPPE PANTALEO, if in his sole discretion, the above mentioned eighty (80%) per cent of the income bequeathed to him as aforestated, is at any time insufficient and inadequate to cover his any and all needs, to sell or otherwise dispose, or to apply any part or all of the principal of the trust for his own use, regardless of the provisions made for my sister and my brother in this paragraph." Testatrix then directed that upon the death of her husband the trust estate should terminate and be distributed in a manner not necessary to detail here.

In the petition for the judicial settlement of his account the executor requests that he be granted letters of trusteeship. The request can only be granted if the will creates a valid trust. To the constitution of every express trust there are essential these elements, namely, a trustee, an estate devised to him and a beneficiary. The trustee and the beneficiary must be distinct personalities or, otherwise, there could be no trust, and the merger of interests in the same person would effect a legal estate in him of the same duration as the beneficial interest designed. (*Greene* v. *Greene,* 125 N. Y. 506, 510; *Rose* v. *Hatch,* 125 N. Y. 427, 431; *Weeks* v. *Frankel,* 197 N. Y. 304, 310; *Matter*

*of Richardson,* 135 Misc. 726, affd. 229 App. Div. 765; *Matter of Connolly,* 158 Misc. 93.) Under the will the petitioner named as a *cestui que trust* takes a legal life estate in eighty per cent of the residuary estate. In view of the language of the will which gives petitioner power to dispose of. or to apply '' any part or all of the principal of the trust for his own use,'' regardless of the provisions made for the sister and brother of the testatrix, no security will be required of him as life tenant. (*Matter of McDougall,* 141 N. Y. 21, 26; *Matter of Rowland,* 153 App. Div. 327, 332; *Matter of Ungrich,* 48 App. Div. 594, affd. 166 N. Y. 618; *Hodgman* v. *Cobb,* 202 App. Div. 259, 266; *Matter of Limburger,* 128 Misc. 577, 579.) While the Surrogate now has discretionary authority to direct a legal life tenant to furnish security unless the terms of the will expressly declare otherwise (Surrogate's Ct. Act, § 169-a), the situation here presented does not in my judgment warrant any. I am prompted to reach this conclusion from the language of the will which clearly discloses that the petitioner was the primary object of the testatrix's bounty. His needs were her chief concern. In view of the provision permitting him to encroach upon the corpus, the possibility that there will be nothing left for any subsequent beneficiary or legatee remains until his death. The terms of the will indicate that the testatrix was not concerned with any legal safeguards for their protection.

The inability of the petitioner to act as trustee for himself does not disqualify him from acting as trustee for testatrix's sister and brother for the period of time specified in the will. (*Weeks* v. *Frankel,* 197 N. Y. 304, 310, *supra; Robertson* v. *de Brulatour,* 188 N. Y. 301, 317.) Letters of trusteeship will be granted to the petitioner upon the trusts for the benefit of Mary Guardaile and Nicholas Riggio, which are measured by the life of the trustee and terminable upon his death, and otherwise denied.

In the absence of objections the account is settled. The executor should file, as suggested by the special guardian, a supplemental affidavit correcting the error in schedule ''A'' with respect to the quoted price per share of stock of the American Telegraph & Telephone Company. Proceed accordingly.