Maximilian Moss, S.
In this proceeding for the judicial settlement of the executrix’ account, the court is required to construe articles “ third ” and “ fourth ” of the testator’s will.
Decedent’s will provides for division of the residue of the estate into two equal portions, one part to pass outright to decedent’s widow, the other to be held in trust for her benefit during her lifetime. The decedent’s widow is named as the sole trustee of the trust. Under the authority of Matter of Wind (1 Misc 2d 260); Matter of Ford (138 N. Y. S. 2d 694); Matter of Richardson (135 Misc. 726, affd. without opinion 229 App. Div. 765), and many other cases, the decedent’s widow cannot be both sole trustee and sole beneficiary of the trust. In such cases, a life estate is created. The widow therefore has a legal life estate in one half of the residuary and is entitled to the income earned thereon (Matter of Reed v. Browne, 295 N. Y. 184; Matter of Richardson, supra; Matter of Johnson, 5 Misc 2d 87).
Should the executrix turn over the funds to herself as life tenant, the provisions of section 169-a of the Surrogate’s Court Act require that adequate security be furnished to secure the remaindermen against improper encroachments on the remainder. Should however the executrix continue to maintain the residuary as executrix, no security will be required (Matter of Richardson, supra; Matter of Clyne, 205 N. Y. S. 2d 675) since the fund then would be maintained under the court’s direction. The court will allow the widow either alternative.
*1040 While the obvious intendment of article “ fourth ” was to give to the “ trustee ” the broadest investment powers, in the event the widow determines to have a life estate created for her benefit then the court must require the widow to confine her investments to legáis within the purview of section 21 of the Personal Property Law because of her status as 1 ‘ legal life tenant.” As such tenant, she has a positive duty to conserve estate assets for the remaindermen (1 Scott, Trusts [2d ed.], par. 99.3, p. 744).
A further remedy will be afforded the widow as suggested by the learned special guardian, namely, that a person or corporation qualified to act as trustee be appointed to serve with the decedent’s widow as cotrustee of the trust established under the decedent’s will. In such event the court will require that a consent to the appointment of a cotrustee be executed by all remaindermen, and that the trustee qualify according to law and file a surety company bond in an amount to be designated in the decree. In such event, the trustees will then be invested with the broad investment powers in both legáis and nonlegals contemplated by article “fourth ” of thé will.